[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12229

Non-Argument Calendar

_____

GIO PIZZERIA & BAR HOSPITALITY, LLC,
individually and on behalf of all others similarly situated,
GIO PIZZERIA BOCA, LLC,
individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

*versus*

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBERS ARP-74910-20 AND ARP-75209-20,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61741-RS

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants GIO Pizzeria & Bar Hospitality, LLC and GIO Pizzeria Boca, LLC appeal the district court's dismissal of its Second Amended Complaint for failure to state a plausible claim for insurance coverage.  After careful review, we affirm.

Plaintiffs own and operate two properties, a bar and restaurant in Coral Springs, Florida and a bar and restaurant in Boca Raton, Florida.  Plaintiffs purchased all-risk commercial insurance policies from Defendants-Appellees Certain Underwriters at Lloyd's, London to insure those properties.  Following the suspension of business operations due to the COVID-19 pandemic and government closure orders, Plaintiffs sought coverage for losses and expenses under these provisions of its policies: (1) Business Income; (2) Extra Expense; and (3) Civil Authority.  After Defendants denied coverage, Plaintiffs sued Defendants for declaratory relief and breach of contract of those provisions, alleging that Defendants failed to pay for the covered losses under those provisions.  Those provisions require direct physical loss or damage to the property.

21-12229                Opinion of the Court                3

The district court granted Defendants' motion to dismiss because Plaintiffs failed to allege the property suffered any direct or physical loss as required by the policies' provisions.  On appeal of the district court's dismissal of Plaintiffs' Second Amended Complaint,[1] Plaintiffs argue that the district court misinterpreted the phrase "direct physical of or damage to property" by requiring only physical damage, i.e., a tangible harm.

Even though "[t]here are no Florida decisions interpreting an all-risk commercial insurance policy providing coverage for 'direct physical loss of or damage to' property or 'direct physical loss or damage to' property in the context of the COVID-19 pandemic," we recently held that physical loss or damage requires "some tangible alteration of the property." *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, No. 20-14812, -- 4th --, 2022 WL 1421414, at \*7–8 (11th Cir. May 5, 2022).  "There is therefore no coverage for loss of use based on intangible and incorporeal harm to the property due to COVID-19 and the closure orders that were issued by state and local authorities even though the property was rendered temporarily unsuitable for its intended use." *Id.* at \*8.

Because coverage under Plaintiffs' policies requires direct physical loss or damage to the covered property, and the losses here resulted from the intangible harm caused by COVID-19, Plaintiffs' claimed losses and expenses are not covered under the

---

[1] We review de novo a district court's dismissal of a complaint for failure to state a claim. *McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020).

4                    Opinion of the Court                    21-12229

policies.[2]  Thus, we affirm the district court's dismissal of Plaintiffs'
Second Amended Complaint.

    **AFFIRMED**

---

[2] Further, as the district court correctly noted, the Civil Authority Provision
requires damage to other property outside of Plaintiffs' property to apply.  The
closure orders did not respond to damage to property surrounding Plaintiffs'
facilities but to address a public health crisis.